**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**GUTCHESS LUMBER CO., INC.,**

       Plaintiff,

    v.              5:13-CV-1013
                   (FJS/DEP)
**MICHAEL WIEDER,**

       Defendant.

---

| APPEARANCES | OF COUNSEL |
|---|---|
| **MELVIN & MELVIN, PLLC**<br>217 South Salina Street, 7th Floor<br>Syracuse, New York 13202-1686<br>Attorneys for Plaintiff | **SUSAN OTTO, ESQ.**<br>**ROGER W. BRADLEY, ESQ.**<br>**ELIZABETH A. GENUNG, ESQ.** |
| **BLITMAN & KING, LLP**<br>The Powers Building, Suite 500<br>Rochester, New York 14614-1606<br>Attorneys for Defendant | **JULES L. SMITH, ESQ.**<br>**BRIAN J. LACLAIR, ESQ.** |
| **BERGER & MONTAGUE, P.C.**<br>1622 Locust Street<br>Philadelphia, Pennsylvania 19103<br>Attorneys for Defendant | **TODD S. COLLINS, ESQ.**<br>**ELLEN T. NOTEWARE, ESQ.**<br>**SOSHANA SAVETT, ESQ.** |
| **SHAYNE NICHOLS, LLC**<br>Miranova Place, Suite 300<br>Columbus, Ohio 43215<br>Attorneys for Defendant | **STANLEY H. SHAYNE, ESQ.** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court are Plaintiff's motion to remand this case to state court and for

an award of attorney's fees and costs, *see* Dkt. No. 18, and Defendant's motion to dismiss for failure to state a claim, *see* Dkt. No. 10.

## II. BACKGROUND

Plaintiff filed its complaint against Defendant in New York Supreme Court, Onondaga County, on July 16, 2013. On August 15, 2013, New York Supreme Court Justice DeJoseph entered a temporary restraining order, which, among other things, enjoined and restrained Defendant, pending a further order of New York Supreme Court, from any further disclosure or dissemination, by any means, including publication on the internet, of Plaintiff's confidential information, documents, or other materials to any person or entities.

On August 20, 2013, Defendant removed the case to this Court, asserting that this Court had subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, specifically, that ERISA governed this action. *See* Dkt. No. 1. On August 27, 2013, Defendant moved to dismiss the complaint. *See* Dkt. No. 10. On August 28, 2013, Plaintiff filed a motion for an extension of the Temporary Restraining Order that Justice DeJoseph had entered, *see* Dkt. No. 12, which this Court granted "insofar as such order shall now expire on the date that the Court herein sets for oral argument on Defendant's pending motion to dismiss, i.e., **September 20, 2013**[.]" *See* Dkt. No. 15 at 2. Finally, subsequent to the Court's Order, Plaintiff filed an amended complaint, *see* Dkt. No. 16, and the pending motion to remand, *see* Dkt. No. 18.

## III. DISCUSSION

**A.  Plaintiff's motion to remand this action to state court**

When a plaintiff challenges the defendant's removal of the action, the defendant "'bears the burden of showing that federal jurisdiction is proper.'" *Landesbank Baden-Wurttemberg v. Capital One Fin. Corp.*, Nos. 12 Civ. 5907, 12 Civ. 5909, 12 Civ. 5911, 2013 WL 3743161, *1 (S.D.N.Y. July 17, 2013) (quoting *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011)).  Generally, a court will construe the removal statute narrowly and resolve any doubts against removability.  *See id.* (quotation omitted).  Nonetheless, the court still must be cautious about remand so as not erroneously to deprive the defendant of the right to a federal forum.  *See id.* (quotation omitted).

As the basis for removing this action, Defendant asserted that "[t]his action is within the Court's removal jurisdiction, pursuant to 28 U.S.C. Section 1441(b), because it is founded upon an alleged claim arising under the laws of the United States."  *See* Dkt. No. 1, Notice of Removal at ¶ 4. Specifically, Defendant claimed that ERISA governed this action because the Plan at issue constituted a "pension plan" as defined under 29 U.S.C. § 1002(1), *et seq.* and that such actions were removable to federal courts as "arising under" federal law by virtue of 28 U.S.C. § 1331.  *See id.* (citation omitted).  In addition, Defendant contended that this action constituted a violation of the whistleblower provisions of Section 510 of ERISA, 29 U.S.C. § 1140, and would fall within the scope of ERISA's civil enforcement provision, § 502, 29 U.S.C. § 1132(e).  *See id.*

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "For statutory purposes, a case can 'aris[e] under' federal law in two ways." *Gunn v.*

*Minton*, 133 S. Ct. 1059, 1064 (2013). "Most directly, a case arises under federal law when federal law creates the cause of action asserted. . . . [However,] even where a claim finds its origins in state rather than federal law . . . [the Supreme Court has] identified a 'special and small category' of cases in which arising under jurisdiction still lies. . . ." *Id.* (internal citations omitted).

Furthermore, as the *Gunn* Court explained, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 1065. Finally, the Court noted that, "[w]here all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.* (quotation omitted).

Under the "well-pleaded complaint" rule, "'a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law.'" *Weinrauch v. N.Y. Life Ins. Co.*, No. 12 Civ. 5010, 2013 WL 165018, *3 (S.D.N.Y. Jan. 16, 2013) (quotation omitted). Therefore, preemption by a federal statute, which is a defense and does not appear on the face of the complaint, generally is not a basis for removal. *See id.* (citation omitted). Nonetheless, "a state court lawsuit may properly be removed on preemption grounds 'when a federal statute wholly displaces the state-law cause of action through complete pre-emption.'" *Id.* (quotation omitted). ERISA is one such statute. *See id.* (citing [*Aetna Health Inc. v. Davila*, 542 U.S.] at 209 ("any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to

make the ERISA remedy exclusive and is therefore pre-empted"); *Smith v. Dunham-Bush, Inc.*, 959 F.2d 6, 10 (2d Cir. 1992) (state law breach of contract claim related to an employee benefits plan is preempted by ERISA)) (other citation omitted).

Section 1144(a) sets forth ERISA's preemption boundaries over state-law causes of action. *See Weinrauch*, 2013 WL 165018, at *4. This section provides that ERISA "'shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.'" *Id.* (quoting 29 U.S.C. § 1144(a)). An employee benefit plan includes an "employee pension plan" which ERISA defines as "any plan, fund or program which was heretofore or is hereafter established or maintained by an employer . . . to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program – (i) provides retirement income to employees . . . ." 29 U.S.C. § 1002(2)(A). Thus, to determine whether Defendant's removal of this action was proper, the Court must determine whether Plaintiff's state-law claims relate to an employee benefit plan. *See Weinrauch*, 2013 WL 165018, *4 (citing *Dillon v. Metro. Life Ins. Co.*, 718 F. Supp. 2d 321, 325 (S.D.N.Y. 2010) ("Accordingly, where a claim styled as a state common law cause of action . . . 'relates' to an employee benefit plan within the meaning of [ERISA] . . . and falls within the scope of the statute's civil enforcement provisions, the action is removable")).

A review of the allegations in Plaintiff's complaint clearly shows that Plaintiff has not asserted an ERISA cause of action on the face of its complaint. Rather, it has asserted two state-law claims for misappropriation of confidential information and for breach of contract.[1]

---

[1] Although Plaintiff asserts a third cause of action for a permanent injunction, this is really a claim for relief rather than an independent cause of action.

Furthermore, Defendant has failed to meet his burden to demonstrate that Plaintiff's state-law claims are actually ERISA claims or that ERISA preempts these claims. Although Defendant relies on §§ 502 and 510 of ERISA to support his position that ERISA preempts Plaintiff's state-law claims, Defendant does not explain how these two sections of ERISA apply to this case. Section 502 of ERISA, which is ERISA's civil enforcement provision, sets forth the persons empowered to bring a civil action, *see* 29 U.S.C. § 1132(a); but, as Defendant's counsel conceded at oral argument, Plaintiff does not fit into any of these categories.

Furthermore, § 510, which is ERISA's whistleblower provision, provides, in pertinent part, that "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . ." 29 U.S.C. § 1140. Although Defendant states in a conclusory manner that Plaintiff's state-law causes of action conflict with § 510's whistleblower protections, Defendant acknowledges that he has not found any case law analogous to the circumstances in this case, i.e., where a company allegedly files suit against a whistleblower in state court to avoid the protection of ERISA's whistleblower provisions. Moreover, Defendant has not demonstrated how Plaintiff's state-law claims conflict with § 510's protections in light of the fact that Defendant is not precluded from raising § 510 as a defense in either state or federal court and Plaintiff has not alleged that Defendant breached any duties that he owed to the ESOP or to the participants or beneficiaries of the ESOP.

In addition to these deficiencies in Defendant's arguments, for the reasons that the Court stated at oral argument, the two cases on which Defendant primarily relies, *In re Facebook, Inc. IPO Secs. & Derivative Litig.*, 922 F. Supp. 2d 475 (S.D.N.Y. 2013), and *Grable & Sons Metal*

*Prods., Inc. v. Daure Eng'g & Mfg.*, 545 U.S. 308 (2005), are distinguishable and do not support his position.

Rather, this case is more akin to *Gunn v. Minton*, 133 S. Ct. 1059 (2013). Here, the disputed federal issue, whether the ESOP-related document belonged to Plaintiff or to the ESOP, is not the central issue that the court must resolve to determine whether Plaintiff will succeed on its misappropriation or breach-of-contract claim. At best, the ESOP-related document is one piece of confidential information that Plaintiff claims Defendant retained in breach of the confidentiality provisions of his Stock Award Agreements and that he allegedly misappropriated and shared with Plaintiff's competitors to his own advantage and Plaintiff's detriment. Furthermore, permitting the state-court to interpret ERISA law to determine ownership of this document, if that becomes necessary, will not undermine ERISA law. Finally, allowing a state court to adjudicate Plaintiff's breach-of-contract and misappropriation claims will not upset the balance between federal and state judicial responsibilities. In fact, having this Court adjudicate state-law breach-of-contract and misappropriation claims where the parties are not diverse raises serious federalism issues.

Accordingly, for all these reasons, the Court finds that, construing all disputed questions of fact and controlling substantive law in favor of Plaintiff and resolving all doubts in favor of remand, Defendant has not met his burden to show that he met the requirements for removal. *See Weinrauch*, 2013 WL 165018, at *3 (citations omitted). Therefore, the Court grants Plaintiff's motion for remand.

**B.     Plaintiff's request for an award of attorney's fees and costs**

Section 1447(c) provides, in pertinent part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). It is within the court's discretion whether to award such costs and fees. *See Natoli v. First Reliance Std. Life Ins. Co.*, No. 00 CIV. 5914, 2001 WL 15673, *5 (S.D.N.Y. Jan. 5, 2001) (citation omitted). In exercising this discretion, the court does not "'need to find that the removal was in bad faith, only that it was improper.'" *Id.* (quotation and other citations omitted). However, "'absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.'" *Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011) (quoting [*Martin v. Franklin Capital Corp.*, 546 U.S. 132] at 136, 126 S. Ct. 704 [(2005)])). The court evaluates "objective reasonableness" based on the circumstances at the time of removal. *See id.* (citations omitted).

As the Court noted at oral argument, the question of whether an award of attorney's fees and costs is warranted in this case is a close one. Nevertheless, given the complicated nature of ERISA and, particularly, ERISA's preemption provisions, the Court finds that Defendant's error in removing this action to federal court was not entirely unreasonable. Therefore, the Court denies Plaintiff's request for an award of attorney's fees and costs.

## IV. CONCLUSION

After reviewing the entire file in this matter, the parties' submissions and oral arguments, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion to remand this case to New York Supreme Court,

Onondaga County, *see* Dkt. No. 18, is **GRANTED**, and, therefore, the Court lacks jurisdiction to entertain Defendant's motion to dismiss, *see* Dkt. No. 10; and the Court further

**ORDERS** that Plaintiff's request for an award of attorney's fees and costs, *see* Dkt. No. 18, is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall mail a certified copy of this Memorandum-Decision and Order to the clerk of New York Supreme Court, Onondaga County, pursuant to 28 U.S.C. § 1447(c); and the Court further

**ORDERS** that the Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

Dated: September 21, 2013
Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge